### April Term, 1798.

JOSEPH CREACRAFT and wife *v.* BENJAMIN WIONS.

1798.

*C*REACRAFT, having married the widow of *Jabez Baldwin*, fued for her dower of one third of 399 acres of land. A fatisfaction and acceptance under the will was fet up as a bar to this claim.

By his will, dated 10th *September*, 1778, *Jabez Baldwin* gave to his wife, now the wife of *Creacraft*, one third part of all his moveable eftate, together with the ufe of one third of his lands, while fhe remained his widow, and alfo one cow over and above her thirds; and gave all the reft of his eftate to his children.

Annexed to the will, and of the fame date, was a note figned by his wife, ftating that fhe voluntarily agreed to the above will. And, on 4th *March*, 1791, her then hufband *Jofeph Creacraft* gave a receipt, to *Caleb Baldwin*, one of the executors, for a cow over her third part, agreeably to the will of *Jabez Baldwin*.

It was proved, by the perfon who drew the will, that *J. Baldwin* and his wife talked together about the will, and that he drew it according to their directions; that he told *J. Baldwin*, that this was no more than the law would give her; that *J. Baldwin* then defired him to put in a cow befides the thirds; that fhe declared herfelf well fatisfied, and, after his death, defired the executors to prove the will, and faid, though fhe knew fhe could have her thirds, fhe did not want more than her hufband had given her, nor to hurt the children; for her mother had done fo and got a great eftate, and ruined the children; and that, when the property was appraifed, fhe chofe and took a cow, as the one given her by will, and declared herfelf fatisfied.

*Jabez Baldwin* left eight children, and a perfonal eftate of 295*l.*

*Campbell*, for the plaintiffs. Whether the devife was intended to be in lieu of dower, muft be afcertained from the will itfelf, and not from parole teftimony. Dower is not barred by a collateral recompence, which will not be prefumed to be in lieu of dower, but a benevolence.

*Kennedy vs. Nedrow,*
*Dall.* 415.

*Brackenridge*, for the defendant. All the circum-
stances taken together shew a clear intention of the tes-
tator, that the devise should be in lieu of dower. It is
not necessary, that this intention be expressed, if it be
sufficiently implied. The devise has been accepted as
a satisfaction, and is a complete bar to a claim of dower.

PRESIDENT. It is perhaps not so difficult to guess
what the intention of the testator was, as to decide, that
this intention is sufficiently expressed in the will, whence
only it can be collected.

If this devise was intended in lieu of dower, the wi-
dow of *Jabez Baldwin* has been very little favoured by
the will. All that she has got by the will, she would have
got without it, except one cow; and, for that, her estate,
which would have been during her life, is restrained to
her widowhood, and determined by her marriage.

If a devise be given in lieu of dower, the widow may
elect either, but cannot have both; and if she accept one,
she is barred of the other.

But, unless it appear from the will, that the devise
was in lieu of dower, the devise shall be considered as a
benevolence; and the widow shall have both it and her
dower.

But it is not necessary, that it should appear from
express words of the will, that the devise is in lieu of
dower; it is enough, that this intention be implied, and
seem necessary to give effect to the will.

If the legacy and devise be *instead* of dower, the wi-
dow is barred by her acceptance; but if *together with*
dower, she is not barred.

There is no express declaration in this will, that the
devise and legacy should be in lieu of dower; and, unless
this intention be implied, the plaintiffs must recover.

The only ground for such an implication in the will
seems to be this, that, except the legacy and devise, *all
the rest of his estate* is given to his children, and so no-
thing is left for dower,

The jury found a verdict for the defendant.

NOTE.—There were three suits against three tenants.
One had been tried before; there was a verdict for the
defendant, and a motion for a new trial, postponed for
the trial of this. It was recommended to remove the third

1798.

*Ambler.* 464,
682, 730.

4 *Co.* 1.
*Hargr. Co.
Lit.* 36. *b. n.*
6, 7. 1 *Eq.*
*Ca.Ab.*218-9.
1 *Bro. Parl.
Ca.* 538.
1 *Bro. Parl.
Ca.* 591.—2
*Atk.* 427.—3
*Atk.* 8, 436.
2 *Wms* 616-
7.—1 *Vern.*
356.--2 *Vern.*
365.—*Dall.*
415.
*Ambl.* 464,
682, 730.

into the Supreme court. This was done; and, in the mean time, no judgment was given, on either of the verdicts.

The act of affembly, of 4th *April*, 1797, has fettled it, in future, that a devife fhall be in lieu of dower, unlefs otherwife declared.